

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL A. DORSEY | CIVIL ACTION |
| VERSUS | NUMBER: 03-3227 |
| RONNIE SEAL, ET AL. | SECTION: "K"(5) |

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Michael Dorsey, against defendants, a total of twelve officials employed by the Louisiana Department of Corrections and/or the Washington Correctional Institute ("WCI").[1] Plaintiff, an inmate of WCI at the time that the instant suit was filed, complained of being subjected to the excessive use of force and a host of retaliatory actions at the hands of the named defendants in December of 2002 and January of 2003. (Rec. docs. 1, 20).

---

[1] Plaintiff's claims against three of the named defendants were previously dismissed on motion practice. (See rec. docs. 54, 56).

On March 17, 2005, plaintiff filed a notice of change of address advising the Court that he had been transferred to the Dixon Correctional Institute ("DCI") in Jackson, Louisiana. (Rec. doc. 58). On August 24, 2005, the Court issued an order directing the remaining defendants to provide the undersigned with copies of any and all administrative complaints Dorsey may have filed pertaining to the incidents that he complains of in this litigation. (Rec. doc. 59). A copy of that order was mailed to plaintiff at his address of record, DCI. However, on November 2, 2005, the copy was returned to the Court with a notation that plaintiff was "NOT [T]HERE". (Rec. doc. 60). It has now been over sixty days since the foregoing piece of mail was returned to the Court as undeliverable.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation

was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixteenth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 16). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, this failure is attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule

3

41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 20 day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE